# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00327-CV

**Alison Michels Lawrence, Appellant**

**v.**

**Brian Craig Garsson, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-FM-13-005833, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alison Michels Lawrence appeals the district court's order confirming an arbitration award in which she was ordered to pay Brian Craig Garsson the sum of $34,435.87 in an ongoing dispute arising out of a co-ownership agreement they signed as part of their agreed divorce decree. Recently, this Court determined a related appeal of an arbitration award that concerned the same substantive issues between the parties as those herein and awarded Garsson another significant sum of money for expenses advanced over a previous time period. *See Lawrence v. Garsson*, No. 03-16-00047-CV, 2016 WL 4177244, at *3–4 (Tex. App.—Austin Aug. 3, 2016, no pet. h.) (mem. op.). For the same reasons we affirmed confirmation of the award in that appeal, we affirm the district court's order of confirmation here.

# DISCUSSION[1]

Lawrence complains that the trial court erred by granting Garsson's motion to confirm the so-called "Sixth Award" signed by the arbitrator on March 11, 2016. As in the previous appeal concerning the so-called "Fifth Award," she contends that the arbitrator exceeded his authority by failing to "preserve the essence" of the co-ownership agreement in making the award. At its core, Lawrence's complaint on appeal is that the arbitrator improperly shifted the timing of reimbursement payments that Lawrence must make to Garsson concerning the co-owned property (such as mortgage, tax, and insurance payments) to "real time" as opposed to upon sale of the property as provided in the original co-ownership agreement. The co-ownership agreement addressed sale of the property, payment of expenses associated therewith until sale, and ultimate disbursement of the sale proceeds and contained a broad arbitration clause.

The so-called "Fourth Clarified Award" issued by the arbitrator addressed Garsson's allegations that Lawrence was not cooperating with attempts to list and sell the property. That award, which was confirmed by the district court without challenge by either party, resolved the parties' then dispute by changing the timing of reimbursement payments to real time and ordering Lawrence to vacate the property. The Fifth and Sixth Awards merely reduced to a fixed sum the amount of reimbursement then due to Garsson by Lawrence, which real-time reimbursement had already been authorized by the unchallenged Fourth Clarified Award. As we previously held with respect to the Fifth Award, we again hold that the arbitrator did not exceed his authority based on our

---

[1] Because the parties are familiar with the facts, procedural background, and applicable standard of review, we dispense with a recitation of those here except as necessary to explain the reasons for our decision. *See* Tex. R. App. P. 47.4.

"extraordinarily narrow" review of arbitration awards; the presumptions in favor of awards; the circumstances here; our conclusion that the award was "rationally inferable" from the parties' agreement and previous unchallenged award, given the arbitrator's broad discretion in fashioning an appropriate remedy; and the alleged facts' "significant relationship" to the parties' agreement. *See id.*

In an additional issue that was not raised in her previous appeal, Lawrence contends that confirmation of the award was in error because the arbitrator did not allow a hearing prior to issuing the award. The Sixth Award recites that the arbitrator received a response from Lawrence to Garsson's claims, and that the arbitrator reviewed and studied the written submissions of both parties in making the award. Lawrence has cited no authority in support of her argument that a hearing was also necessary, and we accordingly overrule the issue. *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.) ("Bare assertions of error, without citations to authority, waive error.").

## CONCLUSION

We affirm the district court's final order confirming the arbitration award of March 11, 2016.

3

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   September 20, 2016